**Vonnie L. HUDSON, Plaintiff,**

v.

**SPELLMAN HIGH VOLTAGE,
Defendant.**

No. CV 97–1982(DRH).

United States District Court,
E.D. New York.

Jan. 9, 1998.

Vonnie L. Hudson, Westbury, NY, Pro se.

David L. Fox, Felcher Fox & Litner P.C., New York City, for Defendants.

## ORDER

BOYLE, United States Magistrate Judge.

The *pro se* plaintiff, Vonnie L. Hudson, brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–17 asserting that he was terminated by the defendant employer based on his race. The plaintiff seeks to take three telephonic depositions of out-of-state non-party witnesses because they "live at far distances and I do not have the funds necessary to bring them to New York." *Letter of Vonnie H. Hudson In Opposition to the Request for a Protective Order,* dated December 15, 1997. One of the non-party witnesses resides in California, the other is in Canada, and the third is merely described as "at far distances" . . . "out-of-state . . . ." *Id.*

The defendant, Spellman High Voltage Electronics Corp. ("Spellman"), by letter motion dated December 11, 1997, requests a protective order under Rule 26(c) of the Fed-

eral Rules of Civil Procedure to prevent the plaintiff from taking telephone depositions by tape recorder, rather than by the traditional method of stenographic recording. The court, by earlier order, had authorized the *pro se* plaintiff to conduct these depositions by telephone. *See Order of Hon. E. Thomas Boyle,* dated October 24, 1997, endorsed on the plaintiff's letter application dated October 19, 1997.

Spellman objects to the following procedures proposed by the plaintiff: (1) plaintiff will provide a notary public at the examiner's end of the telephone deposition where he and defendant's counsel will be questioning the witnesses but no officer will be physically present at the location (in California or Canada) where the witness will be present and answering questions; and (2) plaintiff will transcribe the audio-taped deposition only if he decides that he will use it at trial.

Plaintiff has agreed to provide defendant's counsel with a duplicate copy of the audio tape immediately following the deposition. By agreement between the parties, Mr. Hudson and defendant's counsel, David L. Fox, Esq., plan to examine the witnesses by telephone from the Manhattan law offices of defendant's attorneys, Felcher, Fox & Litner, P.C., which presumably is equipped with a conference speaker phone.

In opposition to the request for a protective order, plaintiff asserts that the procedures he has proposed are proper and he requests that the court fashion an order which will protect him from the "undue burden or expense in conducting discovery." Fed.R.Civ.P. 26(c).

## DISCUSSION

A. *Plaintiff is Not Under Any Obligation to Provide Defendant with a Transcript of the Entire Audio Deposition*

The court will address the issues in the reverse order stated above.

■ The controlling provision is Rule 30(b)(2) which states:

(2) The party taking the deposition shall state in the notice the method by which the

testimony shall be recorded. Unless the court orders otherwise, it may be recorded by sound, sound-and-visual, or stenographic means, and the party taking the deposition shall bear the cost of recording. Any party may arrange for a transcription to be made from the recording of a deposition taken by non-stenographic means.

Fed.R.Civ.P. 30(b)(2).

The above provision encompasses the 1993 Amendment to Rule 30(b)(2) which authorizes a party to conduct audio and video depositions without consent of the other parties or court approval. Fed.R.Civ.P. 30(b)(2), advisory committee's note (1993 Amendment).

Contrary to the defendant's contention, there is no requirement that a party taking a deposition by non-stenographic means provide a written transcript of the entire deposition to other parties. Rule 30(b)(2) provides that "[a]ny party may arrange for a transcription to be made from the recording of a deposition taken by non-stenographic means." Fed.R.Civ.P. 30(b)(2). The examining party is required to bear the cost of the recording, unless otherwise directed by the court. *Id.* Any other party is free to prepare a written transcript of the tape recorded deposition, however, the party noticing the deposition does not have that obligation. Therefore, if Spellman chooses to have a transcript prepared of the audio deposition, it must do so at its own cost and expense. *Id.*

There are, however, certain other provisions that are controlling in the event that a party intends to introduce portions of the audio-taped deposition at trial. Rule 32(c)[1] states the general rule applicable to the presentation of deposition testimony at trial. Unless otherwise directed by the court, the party offering the deposition has the option of offering it in stenographic or non-stenographic form. However, when offered in non-stenographic form, the party offering it must provide the court and all other parties with a written transcript of the portions offered. Where the trial is before a jury, however, any party may insist (except where solely offered for impeachment purposes) that the evidence be introduced in non-stenographic form.

Pursuant to Rule 26(a)(3)(B),[2] the examining party is obliged to provide all parties with a typed transcript of those portions of any non-stenographic recorded deposition on which the party intends to rely at trial.

The Advisory Committee Notes to the 1993 Amendment to Rule 30(b)(2) reflect the legislative intent that law office personnel, rather than an independent stenographer, will most likely prepare the typed transcript of those portions of the audio or video depositions which counsel intends to introduce at trial:

> This rule requires that copies of the transcript of a non-stenographic deposition be provided to other parties in advance of trial for verification, an obvious concern since counsel often utilize their own personnel to prepare transcripts from audio or video tapes.

Fed.R.Civ.P. 26(a)(3), advisory committee's notes (1993 Amendment).

For the foregoing reasons, Spellman's application for a protective order to compel the transcription of the entire recorded deposition, regardless of any intended use at trial by the party taking the audio deposition, is denied. In the event that plaintiff intends to introduce any portions of the tape-recorded depositions at trial, he is directed to provide

---

1. Rule 32(c) reads as follows:

    (c) Form of Presentation. Except as otherwise directed by the court, a party offering deposition testimony pursuant to this rule may offer it in stenographic or nonstenographic form, but, if in nonstenographic form, the party shall also provide the court with a transcript of the portions so offered. On request of any party in a case tried before a jury, deposition testimony offered other than for impeachment purposes shall be presented in nonstenographic form, if available, unless the court for good cause orders otherwise.

2. Rule 26(a)(3)(B) reads, in relevant part, as follows:

    3. [A] party shall provide to other parties the following information regarding the evidence that it may present at trial other than solely for impeachment purposes:
    B. The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony; . . . .

Spellman and the court with a written transcript of the relevant portions, in compliance with Rules 26(a)(3) and 32(c) of the Federal Rules of Civil Procedure. Plaintiff is further directed to provide any such transcripts to Spellman within forty-five (45) days from the completion of discovery herein.

### B. *Issuance of a Protective Order to Permit the Officer to Take the Deposition from the Examiner's Location to Minimize Cost and Expense*

■ Plaintiff has agreed to provide a notary public, who will be present in the offices of Spellman's counsel where the depositions will be conducted. The issue is whether the officer's (i.e. notary public) presence at the examiner's end of the telephonic deposition is compliance with the requirement of Rules 28(a), 30(b)(7) and 30(c). Rule 28(a) of the Federal Rules of Civil Procedure requires that a deposition "shall be taken before an officer authorized to administer oaths...." Fed.R.Civ.P. 28(a). Rule 30(c) states that the officer shall "put the witness on oath ... and shall personally ... record the testimony of the witness." Fed.R.Civ.P. 30(c). Rule 30(b)(7) provides that a telephonic deposition "is taken in the district and at the place where the deponent is to answer the questions." Fed.R.Civ.P. 30(b)(7).

Spellman properly asserts that the applicable rules require the notary public to be present with the witness at a telephonic deposition rather than in the presence of the persons conducting the examination. Application of these provisions, however, would substantially reduce the cost savings and efficiencies contemplated by plaintiff in seeking to conduct these telephonic audio-recorded depositions. The burden would be placed on the *pro se* plaintiff to arrange for a notary public to be present with each witness—e.g. one in California and one in Canada—at each deposition. Moreover, since the official is required by Rule 30(f) to certify that the witness "was duly sworn by the officer" and that the "deposition is a true record of the testimony given by the witness," it is essential that there be a speaker phone, or its equivalent, available at the witness's location so that the official is able to hear the entire deposition—i.e. the questions and the answers. Requiring the plaintiff to provide the notary public with a speaker phone at the witness's location could substantially add to the cost and burden of conducting discovery.

It is clear that the parties may stipulate to modify the procedures for taking the depositions in a way that would eliminate this additional cost. Rule 29 of the Federal Rules of Civil Procedure, in relevant part, empowers the parties to: "(1) provide that depositions may be taken before any person, at any time or place, upon any notice, and in any manner and when so taken may be used like other depositions; and (2) modify other procedures governing or limitations placed upon discovery...." Fed.R.Civ.P. 29. Based on Spellman's objection, however, Rule 29 provides no resolution.

The court is authorized, however, pursuant to Rule 26(c), for "good cause shown" to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c).

The plaintiff has established good cause pursuant to Rule 26(c). The plaintiff is entitled to take telephonic depositions of the non-party out-of-state witnesses by sound recording pursuant to Rule 30(b)(2). The court authorizes the officer (notary public) to administer the oath to the witnesses and perform such other duties as are required by law, *see* Fed.R.Civ.P. 30(b)(4), from the location in New York where plaintiff and defendant's counsel will be conducting the examination. Pursuant to Rule 30(b)(3), on prior notice, Spellman is entitled to designate another method to record the deposition in addition to the method specified by the plaintiff. The expense of that additional method, however, would be solely Spellman's responsibility. Fed.R.Civ.P. 30(b)(3). The plaintiff is directed to provide defendant's counsel with a copy of the audio-taped deposition immediately following the deposition. The plaintiff may also retain a copy. The officer is directed to provide plaintiff with a written statement, in compliance with Rule 32(f), identifying each deponent and certifying that such witness was duly sworn and that the audio-taped deposition is a true record of the

witness's testimony. This certification shall be filed by plaintiff with the Clerk of the Court, together with the sound recordings of each deposition. The officer is relieved of the obligation to retain a copy of the depositions.

SO ORDERED.

