**Donald F. AQUINO, Plaintiff,**

v.

**AUTOMOTIVE SERVICE INDUSTRY ASSOCIATION, an Illinois not-for-profit corporation, Defendants.**

**No. 98 C 4230.**

United States District Court,
N.D. Illinois,
Eastern Division.

March 30, 2000.

Robert A. Filpi, F. Stack, Stack, Filpi & Kakacek, Chicago, IL, James Arthur McGurk, Chicago, IL, for Plaintiff.

Michael T. Reid, Thomas Edward Roche, Kelley, Kuenn & Reid, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Donald Aquino sued his employer, the Automotive Service Industry Association ("ASIA"), for age discrimination after he was fired in January 1997 at the age of 63. Both parties have filed motions in limine, which I rule on below.

I grant motions in limine to exclude evidence only if the evidence sought to be excluded is clearly inadmissible for any purpose. *Plair v. E.J. Brach & Sons, Inc.*, 864 F.Supp. 67, 69 (N.D.Ill.1994). Otherwise, I defer evidentiary issues until they arise at trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F.Supp. 1398, 1400–01 (N.D.Ill.1993).

### I. Plaintiff's Motion to Admit Telephonic Depositions

Mr. Aquino seeks a ruling that the deposition transcripts of three out-of-state witnesses deposed over the telephone are admissible. These depositions were conducted by Mr. Aquino's counsel from his office in Chicago, Illinois, along with ASIA's attorney and the court reporter— who swore in each of the witnesses over the phone. Each deponent was served with a deposition subpoena issued by a United States District Court in his district of residence, but remained in his state of residence to give testimony.[1] After the deposition, each deponent read the transcript and signed an affidavit before a notary public of the district where the deponent resided attesting to the accuracy of the transcription. ASIA argues that the depositions were procedurally defective because the court reporter who swore the witness was in Illinois, not before the witness.

These telephone depositions were probably not in strict compliance with the federal rules. Federal Rule of Civil Procedure 30(b)(7) authorizes depositions by remote electronic means but provides that a telephonic deposition "is taken in the district and at the place where the deponent is to answer the questions," in this case, the deponent's state of residence. Rule 28(a) of the Federal Rules of Civil Procedure requires that a deposition "shall be taken before an officer authorized to administer oaths." Rule 30(c) similarly requires that "the officer before whom the deposition is to be taken shall put the witness on oath." The most logical and obvious construction of these rules requires the notary or court reporter to be in the presence of the depo-

---

1. Each deposition lasted only between thirty and forty-five minutes.

nent during the telephonic deposition, rather than in the presence of the attorneys conducting the examination.

Although the Federal Rules permit the parties to agree to modify the procedures for taking the depositions, Fed.R.Civ.P. 29, or to seek a court order so modifying, Fed.R.Civ.P. 26, the parties could not agree here and Mr. Aquino did not then request my intervention.[2] However, if I rule against admissibility, Mr. Aquino now seeks to re-take these depositions telephonically, with a court reporter in the district of the deponent, to ask each the single question as to whether the answers recorded at the prior deposition are true and correct.

I am authorized for "good cause shown" to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c). "Such permission should be granted unless an objecting party will likely be prejudiced or the method employed 'would not reasonably ensure accuracy and trustworthiness.'" *Rehau v. Colortech, Inc.*, 145 F.R.D. 444, 446 (W.D.Mich.1993) (*citing Colonial Times, Inc. v. Gasch*, 509 F.2d 517 (D.C.Cir.1975)); *see also Fireman's Fund Ins. Co. v. Zoufaly*, No. 93 CV 1890, 1994 WL 583173 (S.D.N.Y.1994).

Because it promptly objected to the manner of the deposition, i.e. during the deposition and in its motion for summary judgment, ASIA protests that allowing Mr. Aquino to re-notice the deposition after discovery has been closed would be improper, inequitable, and prejudicial. Mr. Aquino should have raised this issue earlier, but I do not agree with ASIA that his

suggestion is "inequitable and prejudicial."[3] Mr. Aquino has narrowly tailored his proposed solution so that no undue delay or prejudice will result. The whole exercise should take less than a few hours and ASIA is well aware of the testimony previously given by these witnesses so will not be confronted by new testimony or unfair surprise. ASIA had an opportunity to cross examine these witnesses and will not be prejudiced since the depositions will be limited to what previously occurred. Finally, the error by Mr. Aquino was a technical and seemingly meaningless one and ASIA does not challenge the accuracy or trustworthiness of the deposition testimony.

■ Therefore, because ASIA objects, Mr. Aquino's motion to admit the deposition transcripts is denied; however, Mr. Aquino is given leave to retake the three telephonic depositions for the limited purpose he describes, at which time, the depositions will be admissible, barring any unforeseen circumstances.

## II. *Defendant's Motions in Limine*

### A. *Pre-1994 Firings of Older Employees*

Gene Gardner was made President of ASIA in January of 1994; prior to that time, from 1989 to 1993, Mr. Gardner served on ASIA's Executive Committee. ASIA claims that Mr. Gardner alone decided to fire Mr. Aquino, as all personnel decisions are the sole responsibility of ASIA's president. Therefore, ASIA seeks to bar all evidence of personnel actions taken by its past presidents, including John Nerlinger's decision to eliminate ASIA's field staff, most of whom were over 60 and all of whom were over 40, and

---

2. In fact, many reasonable parties have agreed to, or courts have ordered, similar arrangements. *See, e.g. Hudson v. Spellman High Voltage*, 178 F.R.D. 29, 32 (E.D.N.Y. 1998) (Judge allowed plaintiff to take telephonic depositions of out-of-state-witnesses with notary public administering oath to the witnesses and performing other duties at location of attorneys conducting examination, not witness.)

3. In its wrath over the attempt to re-open discovery for a limited purpose, ASIA fails to mention or perhaps recall that I ordered discovery closed on December 17, 1999, after twice extending the date upon ASIA's motions.

David Roland's termination of sixteen employees, many over forty. ASIA also seeks to preclude testimony from Robert Sigel that former President Roland told him he was terminating the employees legally, from youngest to oldest, and that he himself was terminated because of age discrimination.

Mr. Aquino contends that ASIA was engaged in an intentional, long-term plan to make its workforce younger by firing older workers and later replacing them with younger ones, a plan which began with the 1989 firings and continued at least until he was terminated. He claims that Mr. Gardner, as an active member of the Executive Committee and agent of ASIA, was part of this plan, and his decision to fire Mr. Aquino simply another step. Mr. Aquino states that the Executive Committee discussed these mass firings with ASIA's president and provides in support a memo from Mr. Gardner to the Committee informing them that of 23 staff members of a unit, 16 were new, younger, hires.

■ If Mr. Aquino were attempting to establish Mr. Gardner's intent simply by his tacit approval of previous presidents' decisions, I would not allow this evidence. However, Mr. Aquino alleges that his termination was part of a wide-scale, overarching strategy in an organization which harbored a culture antithetical to older workers. The defendant ASIA cannot completely sever its agent Mr. Gardner from its operations and Mr. Aquino from its other employees. An "individual plaintiff in a disparate treatment case may use evidence concerning the employer's practices to help establish pretext." *Pierce v. Atchison, Topeka and Santa Fe Railway Co.*, 1992 WL 368044 (N.D.Ill.1992) (citing cases from the Sixth, Second, Tenth and D.C. Circuits). Moreover, where questions of intent and motive are at issue, as they are in this case, ASIA's treatment of other older employees is relevant. Mr. Aquino may be able to make a sufficient showing that Mr. Gardner's actions are discriminatory in themselves and as part of a larger plan by ASIA to replace older workers with younger workers. Therefore, ASIA's motion is denied at this time.

### B. Evidence of Plaintiff's Pre–1994 Job Evaluation

ASIA claims that evidence relating to Mr. Aquino's job performance before Mr. Gardner became president is irrelevant because only Mr. Gardner made the decision to fire Mr. Aquino. In addition, ASIA claims that it will be prejudiced if the jury can consider and contrast the performance expectation of past presidents with those of Mr. Gardner.

■ Mr. Aquino claims that he is unaware of any written job evaluations before 1994 and ASIA has not produced any in discovery. More importantly, Mr. Aquino's performance is not only relevant but an essential part of his prima facie case. He must prove that he was meeting his employer's legitimate expectations. I suspect that had his evaluations before 1994 been shoddy, ASIA would itself be claiming relevance and attempting to include evidence of his performance. Mr. Gardner himself likely reviewed Mr. Aquino's past performance record before he made the decision to fire him. Of course, ASIA is entitled to introduce evidence that Mr. Aquino's performance or ASIA's performance expectations of him changed.

### C. Ages of the Employees Hired by Gardner

ASIA claims that evidence of the ages of employees Mr. Gardner hired would be prejudicial and is not relevant to discriminatory intent unless presented with other evidence relating to the pool of qualified applicants. Mr. Aquino claims that, at this time, he only plans to introduce evidence of the age of the people Mr. Gardner hired to whom his job responsibilities were distributed, but adds that the ages of people hired and fired by the decision-maker are relevant to whether he holds any bias toward older workers.

Mr. Aquino is correct that the ages of the employees hired to perform his duties after he was fired is relevant. ASIA is, of course, free to explain why these employees, who may or may not be younger, differed from Mr. Aquino in terms of experience or training, as well as age. Moreover, this information is also relevant to his prima facie case, i.e. whether he was treated less favorably than younger employees or applicants.

In addition, while ASIA is correct that information about the age of other employees hired generally is not probative unless more information is provided about the applicant pool and for what positions they were hired, given Mr. Aquino's allegations about ASIA's strategy to "rejuvenate" its workforce, this information may be relevant. Since the facts as a whole must be examined in order for age discrimination to be found by a jury, evidence relating to a possible company policy of age discrimination cannot be barred at this point. *Schoolman v. UARCO, Inc.,* 1999 WL 47124 (N.D.Ill.1999) (*citing Huff v. UARCO,* 122 F.3d 374, 385 (7th Cir.1997)).

### D. *Plaintiff's Co–Workers Opinions of his Job Performance*

ASIA seeks to bar Mr. Aquino's co-workers, including Robert Siegel, from testifying that his job performance was adequate, claiming this is irrelevant because the issue presented is whether he was meeting the expectations of Gardner, not his co-workers. While the issue is whether ASIA thought Mr. Aquino was performing his job in a satisfactory manner, not whether his fellow employees approved, what his fellow workers believed and saw is relevant to a finder of fact's conclusion about Mr. Gardner's motive in firing Mr. Aquino.

### Conclusion

Mr. Aquino's motion for an order that the telephonic depositions are admissible is DENIED; however, Mr. Aquino is given leave to re-depose these witnesses as described in his motion.

ASIA's motions to exclude evidence of pre–1994 occurrences, evidence regarding Mr. Aquino's job performance before 1994, the age of employees hired by Mr. Gardner, and to preclude the opinions of Mr. Aquino's co-workers about his job performance are DENIED.