948 A.2d 665 (2008)
400 N.J. Super. 494
Joseph QUIGLEY, Plaintiff-Appellant,
v.
ESQUIRE DEPOSITION SERVICE, LLC, Defendant-Respondent.
Docket No. A-0689-06T5
Superior Court of New Jersey, Appellate Division.
Argued December 11, 2007.
Decided May 19, 2008.
*667 Fredric J. Gross, argued the cause for appellant (Alan H. Schorr and Associates, attorneys, Cherry Hill; Mr. Gross, of counsel; Alan H. Schorr, on the brief).
Kenneth J. Wilbur, Florham Park, argued the cause for respondent (Drinker Biddle & Reath, attorneys; Mr. Wilbur, William A. Wright and Michael E. Blaine, on the brief).
Olga E. Bradford, Deputy Attorney General, argued the cause for amicus curiae State Board of Court Reporting (Anne Milgram, Attorney General, attorney; Andrea M. Silkowitz, Assistant Attorney General, of counsel, Ms. Bradford, on the brief).
Wolf Block Schorr & Solis-Cohen, Roseland, for amicus curiae Certified Shorthand Reporters Association of New Jersey, Inc. (Stuart L. Pachman, on the brief).
Before Judges SKILLMAN, WINKELSTEIN and LeWINN.
The opinion of the court was delivered by
SKILLMAN, P.J.A.D.
The primary issue presented by this appeal is whether, as applied to a deposition taken in connection with federal litigation, the Federal Rules of Civil Procedure pre-empt the New Jersey statute and administrative regulations governing shorthand reporting. We conclude that the Federal Rules pre-empt the statute and regulations, and therefore a deposition taken in connection with federal litigation may be transcribed by a reporter who is not certified by the New Jersey State Board of Court Reporting. However, we also conclude that the Federal Rules do not pre-empt a claim against a shorthand reporting company under the Consumer Fraud Act that is not dependent upon the statute and administrative regulations governing shorthand reporting.
Plaintiff Joseph Quigley was a party to litigation in the United States District Court for the District of New Jersey. During the course of that litigation, plaintiff's adversary took his deposition in New Jersey. Plaintiff's adversary contracted with defendant Esquire Deposition Service to transcribe the deposition. Since the Federal Rules of Civil Procedure do not require a reporter who transcribes a deposition to furnish a copy to the other parties, plaintiff through his attorney ordered a transcript of his two-day deposition from defendant, which charged him a total of $1,251.55. Plaintiff paid this amount and received the transcript. Subsequently, the federal litigation to which plaintiff had been a party was settled.
Plaintiff brought this action claiming that defendant violated the New Jersey statute and administrative regulations governing shorthand reporting and the Consumer Fraud Act, N.J.S.A. 56:8-1 to -20, in transcribing his deposition and charging him for a copy. Plaintiff claimed that defendant's use of a non-certified shorthand reporter to transcribe his deposition violated the statute and administrative regulations requiring use of a certified shorthand reporter to transcribe a deposition. Plaintiff also claimed that defendant violated the administrative regulation governing the number of lines per transcript page, the number of letters per line and the format of questions and answers. In addition to these alleged violations of the *668 state statute and administrative regulations governing shorthand reporting, plaintiff claimed that defendant violated the Consumer Fraud Act by unconscionable and fraudulent practices in billing him for a copy of his deposition. Plaintiff sought class certification of the complaint.
Defendant moved to dismiss plaintiff's complaint for failure to state a claim. The motion judge concluded in a written opinion that the statute and administrative regulations requiring a deposition to be transcribed by a certified shorthand reporter and the regulations prescribing formatting standards for deposition transcripts do not apply to depositions taken in connection with federal litigation because they are pre-empted by the Federal Rules of Civil Procedure. Consequently, the judge dismissed plaintiff's claims predicated on the statute and regulations. In addition, the motion judge, apparently conceiving that plaintiff's Consumer Fraud Act claims were entirely dependent upon the applicability of the statute and regulations governing shorthand reporting, also dismissed those claims. Accordingly, the judge entered judgment dismissing plaintiff's complaint.
Plaintiff appeals from the dismissal. We granted motions by the State Board of Court Reporting and the Certified Shorthand Reporters Association of New Jersey to participate as amicus curiae in the appeal.
We agree with the motion judge's conclusion that, as applied to depositions taken in connection with federal litigation, the statute and regulations governing shorthand reporting are pre-empted by the Federal Rules of Civil Procedure. However, the judge erred in concluding that plaintiff's Consumer Fraud Act claims are entirely dependent upon the statute and regulations. Therefore, we affirm the dismissal of plaintiff's claims based on the statute and regulations governing shorthand reporting but reverse the dismissal of plaintiff's Consumer Fraud Act claims that are not dependent on the statute and regulations.

I
Pre-emption under the Supremacy Clause of the United States Constitution
occurs [1] when Congress, in enacting a federal statute, expresses a clear intent to pre-empt state law, [2] when there is outright or actual conflict between federal and state law, [3] where compliance with both federal and state law is in effect physically impossible, [4] where there is implicit in federal law a barrier to state regulation, [5] where Congress has legislated comprehensively, thus occupying an entire field of regulation and leaving no room for the States to supplement federal law, or [6] where the state law stands as an obstacle to the accomplishment and execution of the full objectives of Congress.
[Louisiana Pub. Serv. Comm'n v. FCC, 476 U.S. 355, 368-69, 106 S.Ct. 1890, 1898, 90 L.Ed.2d 369, 381-82 (1986) (citations omitted).]
Pre-emption may result not only from Congress's enactment of a statute but also from the Supreme Court's adoption of rules governing practice and procedure in the federal courts. See Baylson v. Disciplinary Bd. of the Supreme Court of Pa., 975 F.2d 102, 107, 111-12 (3d Cir.1992), cert. denied, 507 U.S. 984, 113 S.Ct. 1578, 123 L.Ed.2d 147 (1993); see also Sibbach v. Wilson & Co., 312 U.S. 1, 9-16, 61 S.Ct. 422, 424-27, 85 L.Ed. 479, 483-86 (1941) (discussing Congress's delegation of rule-making power to the Judiciary to adopt rules of civil procedure).
The New Jersey statute governing shorthand reporting generally prohibits any person who has not been issued a certificate by the State Board of Court *669 Reporting from transcribing a deposition. N.J.S.A. 45:15B-9(a); N.J.S.A. 45:15B-10. If a certified court reporter is unavailable, the statute provides limited authorization for temporary employment of a non-certified court reporter. N.J.S.A. 45:15B-9(b).[1] The Board of Court Reporting has adopted detailed regulations governing such temporary employment of non-certified reporters. N.J.A.C. 13:43-2.2.[2] The Board has also adopted detailed regulations governing the formatting of transcripts. N.J.A.C. 13:43-5.9(a).
The Federal Rules of Civil Procedure specifically address before whom a deposition may be taken.[3]Rule 28(a)(1) provides:
Within the United States or a territory or insular possession subject to United States jurisdiction, a deposition must be taken before:
(A) an officer authorized to administer oaths either by federal law or by the law in the place of examination; or
(B) a person appointed by the court where the action is pending to administer oaths and take testimony.
In addition, Rule 29 provides:
Unless the court orders otherwise, the parties may stipulate that: *670

(a) a deposition may be taken before any person, at any time or place, on any notice, and in the manner specified[.]
The Federal Rules also specifically address how a deposition may be recorded. Rule 30(b)(3), entitled "Method of Recording[,]" provides:
(A) Method Stated in the Notice. The party who notices the deposition must state in the notice the method for recording the testimony. Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means. The noticing party bears the recording costs. Any party may arrange to transcribe a deposition.
(B) Additional Method. With prior notice to the deponent and other parties, any party may designate another method for recording the testimony in addition to that specified in the original notice. That party bears the expense of the additional record or transcript unless the court orders otherwise.
The Federal Rules do not impose any requirement regarding the qualifications of a person who may stenographically record a deposition. The Federal Rules also do not contain any regulation of the manner in which transcripts of depositions must be formatted.
We are satisfied that, in adopting the Federal Rules, the Supreme Court intended to deal comprehensively with the taking of depositions in connection with federal litigation, "thus occupying [the] entire field of regulation and leaving no room for the states to supplement [that] federal law[.]" Louisiana Pub. Serv. Comm'n, supra, 476 U.S. at 368, 106 S.Ct. at 1898, 90 L.Ed.2d at 382. Those rules specifically address before whom a deposition may be taken and how it may be recorded. The application to a deposition taken in connection with federal litigation of the New Jersey statute and administrative regulations, which generally prohibit the stenographic transcription of a deposition by anyone other than a certified court reporter, would conflict with the provisions of the Federal Rules that allow the parties to decide the official before whom a deposition shall be taken and how it shall be recorded. The requirement that only a certified court reporter may transcribe a deposition or, if one is unavailable, that the time-consuming procedures set forth in N.J.A.C. 13:43-2.2 must be followed, also would have the potential to add to the costs of depositions taken for federal litigation, contrary to the intent of the Federal Rules to reduce discovery costs. See Fed. R.Civ.P. 29 advisory committee's notes (commenting that one purpose of the 1993 Amendment to Rule 29 was to encourage parties "to agree on less expensive and time-consuming methods" of discovery); see also Hudson v. Spellman High Voltage, 178 F.R.D. 29, 31 (E.D.N.Y.1998) (noting that "[t]he Advisory Committee Notes to the 1993 Amendment to Rule 30(b)(2) reflect [an] . . . intent that law office personnel, rather than an independent stenographer, will most likely prepare the typed transcript of those portions of the audio or video depositions which counsel intends to introduce at trial").
The Federal Rules also deal with the charge a reporter may impose for a deposition transcript. Rule 30(f)(3) provides that "[w]hen paid reasonable charges, the officer [before whom a deposition was taken] must furnish a copy of the transcript or recording to any party or the deponent."
The Federal Rules do not set forth any specific limit on the amount that may be charged for a copy of a deposition transcript. However, the Judicial Conference of the United States has adopted a schedule of rates that official court reporters may charge for transcribing proceedings in *671 federal court. 28 U.S.C.A. § 753. Some federal courts have used this schedule to determine what constitutes a "reasonable and necessary" cost of a deposition transcript for purposes of taxing litigation costs pursuant to Rule 54, see, e.g., Cengr v. Fusibond Piping Sys., Inc., 135 F.3d 445, 455-56 (7th Cir.1998), and at least one federal district court has adopted a local rule which provides that in making an award under Rule 54, the costs of a deposition transcript "shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided for by order of court[,]" N.D. Ill. R. 54.1(b) (2007). The district courts' rule-making authority extends to any subject relating to "the conduct of their business[,]" provided the rule is "consistent with Acts of Congress and rules of practice and procedure" adopted by the Supreme Court. 28 U.S.C.A. § 2071(a); see Frazier v. Heebe, 482 U.S. 641, 645-46, 107 S.Ct. 2607, 2611, 96 L.Ed.2d 557, 565 (1987). Although we do not decide the issue, it is possible that the judges in the United States District Court for the District of New Jersey could adopt a local rule establishing a specific ceiling on charges for deposition transcripts in order to implement the mandate of Federal Rule 30(f)(3) that the charge for a copy of a transcript must be "reasonable." But even in the absence of such a local rule, Federal Rule 30(f)(3) limits the amount a stenographic reporter may charge for a copy of a deposition transcript to what is "reasonable," and any party contesting such a charge may urge the court to consider the maximum rates established by the Judicial Conference in determining what is reasonable.
For these reasons, we conclude that the Federal Rules of Civil Procedure comprehensively regulate the taking of depositions in connection with federal litigation, leaving no room for supplementation by state law. Therefore, the Federal Rules that allow a non-certified stenographic reporter to transcribe a deposition pre-empt the New Jersey statute and regulations that require a deposition to be transcribed by either a certified court reporter or a non-certified reporter under the stringent requirements set forth in the statute and regulations. Cf. Sperry v. Florida, 373 U.S. 379, 83 S.Ct. 1322, 10 L.Ed.2d 428 (1963). Similarly, Federal Rule 30(f)(3), which requires the charge for a copy of a transcript to be "reasonable," pre-empts any supplementary state regulation of the price a stenographic reporter may charge for a deposition transcript.
The regulations adopted by the State Board of Court Reporting regarding the formatting of transcripts apply only to transcripts prepared by New Jersey certified court reporters. N.J.A.C. 13:43-5.9. Because plaintiff's deposition was not prepared by a certified court reporter and we have concluded that the Federal Rules authorize a non-certified reporter to transcribe a deposition taken in connection with federal litigation, defendant was not required to comply with the New Jersey formatting regulations in preparing the transcript of plaintiff's deposition.

II
Although plaintiff's claims based on the statute and regulations governing shorthand reporting are pre-empted, we conclude that his complaint states claims under the Consumer Fraud Act that are not dependent upon the statute and regulations and are not pre-empted.
This case was brought before the trial court by a motion under Rule 4:6-2(e) *672 to dismiss for failure to state a claim. On such a motion, "a reviewing court `searches the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary.'" Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746, 563 A.2d 31 (1989) (quoting Di Cristofaro v. Laurel Grove Mem'l Park, 43 N.J.Super. 244, 252, 128 A.2d 281 (App.Div.1957)).
The Consumer Fraud Act prohibits any
act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretence, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid[.]
[N.J.S.A. 56:8-2.]
"Merchandise" is defined as "any objects, wares, goods, commodities, services or anything offered, directly or indirectly to the public for sale." N.J.S.A. 56:8-1(c) (emphasis added). Under this expansive definition of "merchandise," the provision of shorthand reporting services and sale of transcripts of depositions is subject to the Consumer Fraud Act. Any person who suffers "ascertainable loss of money or property" as a result of a violation of the Act may maintain a private action for treble damages. N.J.S.A. 56:8-19. Consequently, any "deception" or other violation of N.J.S.A. 56:8-2 in the conduct of the shorthand reporting business could support a claim under the Act.
Plaintiff's complaint alleges that defendant's "billing rate for . . . transcripts was fraudulent" and that defendant engaged in a "deceptive practice" in determining its billings. The complaint further alleges that defendant charged an undisclosed "administrative fee" in addition to the "stated page rate" for the transcript of his deposition. We are satisfied that these allegations are sufficient to state a claim for relief under the Consumer Fraud Act that is not dependent upon the statute and regulations governing shorthand reporting.
Moreover, there is no basis for concluding that the Federal Rules of Civil Procedure were intended to pre-empt application of state consumer fraud statutes to fraudulent or deceptive business practices of a shorthand reporting company. There is a presumption that federal law "does not cavalierly pre-empt state-law causes of action." Bates v. Dow Agrosciences, LLC, 544 U.S. 431, 449, 125 S.Ct. 1788, 1801, 161 L.Ed.2d 687, 706 (2005) (quoting Medtronic v. Lohr, 518 U.S. 470, 485, 116 S.Ct. 2240, 2250, 135 L.Ed.2d 700, 715 (1996)). We perceive nothing in the Federal Rules relating to the taking of depositions in connection with federal litigation that suggests an intent to pre-empt the application of state statutes prohibiting fraudulent or deceptive business practices. Therefore, to the extent plaintiff's complaint may be read to state claims under the Consumer Fraud Act that are not dependent upon the New Jersey statutes and administrative regulations governing shorthand reporting, it is not subject to federal pre-emption.
We reject defendant's argument that their business operations are exempt from the Consumer Fraud Act because they are engaged in a "quasi-professional" activity. The cases upon which defendant relies, such as Macedo v. Dello Russo, 178 N.J. 340, 345-46, 840 A.2d 238 (2004) and *673 Plemmons v. Blue Chip Insurance Services, Inc., 387 N.J.Super. 551, 560-65, 904 A.2d 825 (App.Div.2006), involved professional activities that were subject to comprehensive regulation under statutes other than the Consumer Fraud Act. Defendant's primary argument in this appeal, which we have accepted, is that their shorthand reporting services provided in connection with depositions for federal litigation are not subject to regulation under the statute and regulations governing shorthand reporting. Therefore, defendant cannot claim the exemption from the Consumer Fraud Act that our cases have recognized for regulated professional activities.
Plaintiff concedes that count one of his complaint is not maintainable, and counts two and three rest solely on the statute and regulations governing shorthand reporting. Accordingly, we affirm the dismissal of those counts. Counts four through six of plaintiff's complaint state claims that rest partly on the statute and regulations governing shorthand reporting but also may be read to state claims that can stand independently of those statutes and regulations. Accordingly, we reverse the dismissal of those counts and remand the case to the trial court. Plaintiff is granted leave to file an amended complaint that restates counts four to six in a form that conforms with this opinion.
NOTES
[1] This statute provides in part:

Nothing in this act shall be construed to prohibit the temporary employment or retention of any person not holding a certificate until a certified court reporter is available, provided that such temporary employment shall be permitted only in such circumstances as the board may specify through regulation consistent with this section. In no instance shall a person not holding a certificate engage in court reporting without:
(1) registering with the board according to such procedures as the board may adopt through regulation; . . .
. . . .
Registration with the board shall be for a period of one year, and shall not be renewable unless specifically authorized by the board.
[2] The regulations provide in part:

(b) An employer of a certified court reporter, or owner of a shorthand reporting agency, or certified court reporter may utilize non-certified court reporters . . . in circumstances where a certified court reporter is unavailable. In such circumstances where a certified court reporter is unavailable, the employer, owner of a shorthand reporting agency, or certified court reporter shall contact five shorthand reporting agencies to seek an available certified court reporter. The employer, owner of a shorthand reporting agency, or certified court reporter shall record the five contacts in an affidavit supplied by the Board which shall include the names of the agencies contacted, the dates and times of the contacts, and the specific job for which the certified court reporter is sought, including the names of the agencies contacted, the dates and times of the contacts, and the specific job for which the certified court reporter is sought, including the date, time, and location of the job as well as the name(s) of the party (parties) soliciting the certified court reporter, and the name of the case for which the certified court reporter is sought.
. . . .
(c) All transcripts completed by a non-certified court reporter shall be signed by a New Jersey certified court reporter in responsible charge of the work product of the non-certified court reporter and shall attest to the accuracy of the transcription of the original shorthand notes. An employer or owner of a shorthand reporting agency who is not a certified court reporter shall secure a New Jersey certified court reporter to be in responsible charge of the work product of the non-certified court reporter and attest to the accuracy of the transcription of the original shorthand notes.
[3] The Federal Rules, including Rules 28, 29 and 30, were amended on December 1, 2007. See Fed R. Civ. P., advisory committee's notes on R. 28 to 30 (2007). The changes in the rules resulting from these amendments were "stylistic only" and did not change the substance of the Federal Rules in effect when the depositions in this case were taken. Ibid. We have quoted from the current rules in this opinion.