975 A.2d 1042 (2009)
409 N.J. Super. 69
Joseph QUIGLEY, individually and on behalf of all others similarly situated, Plaintiff-Appellant,
v.
ESQUIRE DEPOSITION SERVICES, LLC, Defendant-Respondent.
DOCKET NO. A-1254-08T3.
Superior Court of New Jersey, Appellate Division.
Argued June 2, 2009.
Decided August 12, 2009.
Fredric J. Gross argued the cause for appellant (Alan H. Schorr & Associates, Cherry Hill and Mr. Gross, attorneys; Mr. Gross, of counsel; Mr. Schorr, on the briefs).
Kenneth J. Wilbur, Florham Park, argued the cause for respondent (Drinker, Biddle & Reath, attorneys; Mr. Wilbur and Tonia Ann Patterson, on the brief).
*1043 Before Judges SKILLMAN, GRAVES and GRALL.
The opinion of the court was delivered by
SKILLMAN, P.J.A.D.
This case is before us for the second time. As recounted in our prior opinion, Quigley v. Esquire Deposition Service, LLC, 400 N.J.Super. 494, 498-99, 948 A.2d 665 (App.Div.2008), plaintiff was a party to litigation in the United States District Court for the District of New Jersey. During that litigation, plaintiff's adversary took his deposition in New Jersey. Plaintiff's adversary contracted with defendant Esquire Deposition Services to transcribe the deposition. Since the Federal Rules of Civil Procedure do not require a reporter who transcribes a deposition to furnish a copy to the other parties, plaintiff through his attorney ordered a transcript of his two-day deposition from defendant, which charged him a total of $1,251.55. Subsequently, the federal litigation to which plaintiff had been a party was settled.
Plaintiff brought this action claiming that defendant violated the New Jersey statute and administrative regulations governing shorthand reporting in transcribing his deposition and charging him for a copy. In addition, plaintiff claimed that defendant violated the Consumer Fraud Act, N.J.S.A. 56:8-1 to -20, by unconscionable and fraudulent practices in billing him for a copy of his deposition. Plaintiff sought class certification of the complaint.
Defendant moved to dismiss plaintiff's complaint for failure to state a claim. The motion judge concluded that the statute and administrative regulations requiring a deposition to be transcribed by a certified shorthand reporter and the regulations prescribing formatting standards for deposition transcripts do not apply to depositions taken in connection with federal litigation because they are pre-empted by the Federal Rules of Civil Procedure. Consequently, the judge dismissed plaintiff's claims predicated on the statute and regulations. The motion judge, apparently conceiving that plaintiff's Consumer Fraud Act claims were entirely dependent upon the applicability of the statute and regulations governing shorthand reporting, also dismissed those claims.
On the first appeal, we upheld the motion judge's conclusion that the Federal Rules, which allow a non-certified stenographic reporter to transcribe a deposition taken in connection with federal litigation, pre-empt the New Jersey statute and regulations governing shorthand reporting, which require a deposition to be transcribed either by a certified court reporter or a non-certified reporter under stringent limitations set forth in the New Jersey regulations. Quigley, supra, 400 N.J.Super. at 499-505, 948 A.2d 665. We also held that this federal pre-emption extends to any state regulation of the price a stenographic reporter may charge for a transcript taken in connection with federal litigation. Ibid. Accordingly, we affirmed the dismissal of plaintiff's claims that were based on the New Jersey statute and regulations governing shorthand reporting. Id. at 507, 948 A.2d 665.
However, we concluded that three counts of plaintiff's complaint "state[d] claims that rest partly on the statute and regulations governing shorthand reporting but also may be read to state [Consumer Fraud Act] claims that can stand independently of those statutes and regulations." Ibid. In addition, we held that "the Federal Rules of Civil Procedure were [not] intended to pre-empt application of state consumer fraud statutes to fraudulent or deceptive business practices of a shorthand reporting company." Id. at 506, 948 A.2d 665. Based on this holding, we concluded *1044 that "to the extent plaintiff's complaint may be read to state claims under the Consumer Fraud Act that are not dependent upon the New Jersey statutes and administrative regulations governing shorthand reporting, it is not subject to federal pre-emption." Ibid. Accordingly, we reversed the dismissal of the counts of plaintiff's complaint that could be read to state such claims. Id. at 507, 948 A.2d 665. We also granted plaintiff leave to file an amended complaint that would restate those claims in a form that was not dependent upon the New Jersey statute and regulations governing shorthand reporting. Ibid.
Upon remand, plaintiff filed an amended complaint, as authorized by our prior opinion. Defendant again moved to dismiss for failure to state a claim. The trial court granted the motion for the reasons set forth in an oral opinion, which stated in part:
Count One in my view, ... restates the State regulations as an industry standard and alleges that anything that doesn't comply is an unconscionable commercial practice. It's dependent then on the Statute and regulations that the Appellate Division found to be preempted[.]
Is it expressly doing that, no. Is it doing it ... under the term unconscionable commercial practice, yes, it is. I believe if I allow this to go forward like this that the defendant is just defending against the regulations ... the same as if the Appellate Division had not ruled the way that they [did].
Same with Count Two; basically, the copying charges, what the plaintiff is saying copying charges are too high, so they say that they're unconscionable, and they arrive at that by comparing those charge costs to other photocopying costs from other sources, but ... the reasonableness of rates is an issue that's preempted.
Basically, if I allow this again ... through this State Court action I'm setting a level that's reasonable or at least I'm defining what's unreasonable and that's the province of the Federal Court and the ... Federal rules.
On appeal, plaintiff argues that his amended complaint stated viable claims under the Consumer Fraud Act that are not dependent upon the New Jersey statute and regulations governing shorthand reporting. In addition, plaintiff argues that the Supreme Court's opinion in Altria Group, Inc. v. Good, ___ U.S. ___, 129 S.Ct. 538, 172 L.Ed.2d 398 (2008), requires reconsideration of our prior opinion's holding that the Federal Rules of Civil Procedure pre-empt the New Jersey statute and regulations governing shorthand reporting with respect to the taking of depositions in connection with federal litigation. We reject both arguments and affirm the dismissal of plaintiff's amended complaint.

I.
Initially, we consider plaintiff's argument that Altria requires reconsideration of our prior opinion's holding that the Federal Rules are pre-emptive with respect to a deposition taken in connection with federal litigation. Plaintiff first raised this argument in his reply brief. We do not ordinarily consider an argument that is raised for the first time in a reply brief. See Berlin v. Remington & Vernick Eng'rs, 337 N.J.Super. 590, 596, 767 A.2d 1030 (App.Div.), certif. denied, 168 N.J. 294, 773 A.2d 1158 (2001). However, Altria was decided only two weeks before plaintiff filed his initial brief. Moreover, defendant was afforded an opportunity to respond to this argument by means of its brief in response to plaintiff's motion to recall the mandate incorporated in our prior *1045 opinion. Therefore, we address the merits of this argument.
In Altria, the Court held that the Federal Cigarette Labeling and Advertising Act did not pre-empt a claim under the Maine Unfair Trade Practices Act that a cigarette company's advertising fraudulently conveyed the message that a "light" cigarette delivers less tar and nicotine than a regular brand. ___ U.S. at ___, 129 S.Ct. at 541, 172 L.Ed.2d at 403. In reaching this conclusion, the Court did not adopt any new doctrinal principles for consideration of federal pre-emption claims. The Court simply applied well-established principles  including that "`[t]he purpose of Congress is the ultimate touchstone' in every pre-emption case," ___ U.S. at ___, 129 S.Ct. at 543, 172 L.Ed.2d at 405 (quoting Medtronic, Inc. v. Lohr, 518 U.S. 470, 485, 116 S.Ct. 2240, 2250, 135 L.Ed.2d 700, 716 (1996)), that "Congress may indicate pre-emptive intent [either] through a statute's express language or [by inference] through its structure and purpose," ibid., and that a court should be particularly reluctant to find pre-emption "when Congress has legislated in a field traditionally occupied by the States," ___ U.S. at ___, 129 S.Ct. at 543, 172 L.Ed.2d at 406  to the specific pre-emption issue presented in Altria.
Thus, nothing in Altria affects our prior opinion's holding that "in adopting the Federal Rules, the Supreme Court intended to deal comprehensively with the taking of depositions in connection with federal litigation, `thus occupying [the] entire field of regulation and leaving no room for the states to supplement [that] federal law[.]'" 400 N.J.Super. at 502, 948 A.2d 665 (quoting Louisiana Pub. Serv. Comm'n v. FCC, 476 U.S. 355, 368, 106 S.Ct. 1890, 1898, 90 L.Ed.2d 369, 382 (1986)). Indeed, Altria's only possible relevancy to this case is to provide further support for our other holding  that the Federal Rules do not "pre-empt the application of state statutes prohibiting fraudulent or deceptive business practices," and "[t]herefore, to the extent plaintiff's complaint may be read to state claims under the Consumer Fraud Act that are not dependent upon the New Jersey statutes and administrative regulations governing shorthand reporting, it is not subject to federal pre-emption." 400 N.J.Super. at 506, 948 A.2d 665.
The state statute involved in Altria imposed a duty upon the defendant "not to deceive," regardless of the particular area of endeavor that is federally regulated. See Altria, supra, ___ U.S. at ___, 129 S.Ct. at 545, 172 L.Ed.2d at 408. Similarly, the New Jersey Consumer Fraud Act prohibits fraudulent or deceptive business practices, regardless of the type of merchandise or service that is being sold. In contrast, the New Jersey statute and regulations governing stenographic reporting services contain detailed provisions relating to the qualifications of a person before whom a deposition may be taken, how a deposition may be recorded and how transcripts must be formatted. See Quigley, supra, 400 N.J.Super. at 500-01, 948 A.2d 665. We remain convinced for the reasons set forth in our prior opinion that those provisions, as applied to a deposition taken in connection with federal litigation, are pre-empted by the Federal Rules. Id. at 502-05, 948 A.2d 665.

II.
Before considering whether plaintiff's amended complaint states a claim under the Consumer Fraud Act, we make two preliminary observations regarding our prior opinion.
First, the primary focus of that opinion, as set forth in its first sentence, was on "whether, as applied to a deposition *1046 taken in connection with federal litigation, the Federal Rules of Civil Procedure pre-empt the New Jersey statute and administrative regulations governing shorthand reporting." 400 N.J.Super. at 497, 948 A.2d 665. Indeed, the trial court that dismissed plaintiff's original complaint for failure to state a claim viewed the pre-emption issue as dispositive and did not consider whether the complaint could be read to state Consumer Fraud Act claims that would stand independently of the statute and regulations governing shorthand reporting. Moreover, plaintiff's appellate briefs only obliquely suggested that his Consumer Fraud Act claims might be maintainable even if we ruled adversely to him on the pre-emption issue. In view of the subordinate role that independent Consumer Fraud Act claims played in plaintiff's presentation to us, we were guided in our prior opinion by the principle that in reviewing a motion to dismiss "a ... court `searches the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary.'" Id. at 505, 948 A.2d 665 (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746, 563 A.2d 31 (1989)). However, our prior opinion granted plaintiff leave to file an amended complaint that could stand independently of the statute and regulations governing shorthand reporting, and plaintiff took advantage of this opportunity and filed an amended complaint. Furthermore, when the trial court dismissed plaintiff's amended complaint, it left the door open to plaintiff filing another amended complaint, but plaintiff declined to do so. Therefore, we do not review plaintiff's amended complaint with the same liberality as his original complaint because it must be assumed at this stage of the litigation, after plaintiff has been given multiple opportunities to amend, that he has alleged every fact he reasonably believes could support a Consumer Fraud Act claim independent of the statute and regulations governing shorthand reporting. See Commc'ns Workers of Am. v. Whitman, 335 N.J.Super. 283, 288-90, 762 A.2d 284 (App.Div.2000), certif. denied, 167 N.J. 636, 772 A.2d 937 (2001).
Second, our prior opinion was based on the understanding that plaintiff first paid the $1,251.55 defendant charged for copies of his deposition transcripts and then received the transcripts. See 400 N.J.Super. at 498, 948 A.2d 665. Our opinion also referred to plaintiff's allegations that "defendant's `billing rate for ... transcripts was fraudulent,'" that "defendant engaged in a `deceptive practice' in determining its billings," and that "defendant charged an undisclosed `administrative fee' in addition to the `stated page rate' for the transcript of his deposition." Id. at 506, 948 A.2d 665. However, the invoices for the transcripts indicate that plaintiff received the transcripts at the same time as the invoices. Moreover, plaintiff's complaint does not allege that defendant made any representations regarding the price of a copy of plaintiff's deposition before transmitting the transcripts. In addition, we were advised at oral argument that plaintiff only paid defendant approximately $.75 per page for the copies of his depositions, which was less than one-third the invoiced price, and that defendant did not take any action to recover the balance. Therefore, the amended complaint cannot be read to allege that plaintiff paid any additional amount for copies of his deposition transcripts based on defendant's alleged misrepresentations regarding their price.
To state a Consumer Fraud Act claim, a plaintiff must allege facts which, if proven, would establish that defendant used an "unconscionable commercial practice, deception, fraud, false pretense, false promise, *1047 misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale of or advertisement of any merchandise." N.J.S.A. 56:8-2. In addition, a private plaintiff must allege that he or she suffered an "ascertainable loss of moneys or property ... as a result of" the violation of the Act. N.J.S.A. 56:8-19; see Thiedemann v. Mercedes-Benz USA, LLC, 183 N.J. 234, 246-53, 872 A.2d 783 (2005).
Our Supreme Court has recognized that "[t]he capacity to mislead is the prime ingredient of all types of consumer fraud" proscribed by the Consumer Fraud Act. Cox v. Sears Roebuck & Co., 138 N.J. 2, 17, 647 A.2d 454 (1994). "[T]o constitute consumer fraud ... the business practice in question must be `misleading' and stand outside the norm of reasonable business practice in that it will victimize the average consumer...." N.J. Citizen Action v. Schering-Plough Corp., 367 N.J.Super. 8, 13, 842 A.2d 174 (App.Div.) (quoting Turf Lawnmower Repair, Inc. v. Bergen Record Corp., 139 N.J. 392, 416, 655 A.2d 417 (1995), cert. denied, 516 U.S. 1066, 116 S.Ct. 752, 133 L.Ed.2d 700 (1996)), certif. denied, 178 N.J. 249, 837 A.2d 1092 (2003). Thus, "charging five or five-hundred dollars more for an item than the price charged by a nearby competitor" does not violate the Consumer Fraud Act. Turf Lawnmower, supra, 139 N.J. at 416, 655 A.2d 417.
Count one of plaintiff's amended complaint alleged that in ordering copies of the transcripts of his deposition from defendant, he
had a reasonable expectation that [defendant] would follow the generally accepted transcribing practices of the industry, and that [defendant] would not take unreasonable advantage of the plaintiff by inflating the font size, margins, and spacing beyond generally accepted practices in order to force the plaintiff to pay for more pages than would normally be required for an equally-wordy deposition.
Plaintiff further alleged that the basis for his "reasonable expectation" concerning the formatting of these transcripts was the regulations adopted by the New Jersey Board of Shorthand Reporters that our prior opinion concluded are pre-empted by the Federal Rules as applied to depositions taken in connection with federal litigation:
Although [defendant] may not have been required to comply with New Jersey's Certified Transcriber rules, in that this deposition was venued in Federal Court, the certified court reporter regulations exemplify the generally accepted standards of the industry, which all reputable court reporters and transcribers in New Jersey follow, and therefore constitute the reasonable expectation of the consumer, in this case the plaintiff and other members of the class.
Plaintiff's amended complaint did not indicate any other source for his alleged "reasonable expectation" concerning the formatting. Therefore, we agree with the trial court's conclusion that count one of plaintiff's amended complaint simply constituted a backdoor attempt to resurrect one of his Consumer Fraud Act claims based on the regulations governing shorthand reporting that our prior opinion held were pre-empted.
Count two of plaintiff's amended complaint alleged that defendant's billing rate was "fraudulent and unconscionable." Plaintiff alleged that the $2.65 per page that defendant charged him for copies of his deposition transcripts was "far in excess of [defendant's] actual cost of making a xerographic copy of the original transcript, *1048 or of printing a new copy from a computerized database." Plaintiff also alleged that this charge was "far in excess of the market rate, ... the court-specified $0.55 second copy page rate in the United States District Court for the District of New Jersey for official reporters[,][and]... the copy rates of competing stenographic services for second copies." Plaintiff further alleged that the $2.65 per page excessive rate was exacerbated by a 3% administrative fee that increased the rate to $2.7295 per page and by defendant's formatting practices that produced an overall price of what would be approximately $4 per page using other stenographic reporting companies' formatting practices. Plaintiff claims that such a charge violates the Consumer Fraud Act because it is "unconscionable."
Plaintiff relies upon Kugler v. Romain, 58 N.J. 522, 279 A.2d 640 (1971) in support of his argument that a seller may violate the Consumer Fraud Act by charging an "excessive price" for its product. However, the consumer fraud in Kugler v. Romain did not consist solely of a seller charging a consumer an allegedly excessive price. Instead, it consisted of door-to-door sales of books in poor neighborhoods by sales representatives who made numerous misrepresentations and engaged in various other deceptive practices in soliciting customers. See 58 N.J. at 527-32, 279 A.2d 640. The Court characterized the sale of books by such means as "predatory practices." Id. at 536, 279 A.2d 640. The Court also found that the books were "practically worthless" for their "represented purpose." Id. at 545, 279 A.2d 640. Considered within this context, the Court concluded that "the price for the book package was unconscionable in relation to defendant's cost and the value to the consumers and was therefore a fraud within the contemplation of N.J.S.A. 56:8-2." Id. at 547, 279 A.2d 640.
Unlike in Kugler v. Romain, plaintiff's amended complaint does not allege that defendant made misrepresentations to plaintiff or engaged in other deceptive practices in connection with the sale of the copies of his deposition transcripts. Indeed, as previously discussed, plaintiff does not allege that he had any communication with defendant concerning the price of the transcripts before receiving them together with the invoices.
Plaintiff has not cited any authority for his argument that a Consumer Fraud Act claim may be stated solely by an allegation that the price of a product was excessive, without consideration of the manner in which it was marketed. We live in a capitalist society in which prices are ordinarily established by the marketplace rather than by a government agency or the courts. Sellers of goods and services generally may charge whatever the market will bear so long as they do not engage in deceptive or other unfair sales practices. See Turf Lawnmower, supra, 139 N.J. at 416, 655 A.2d 417; Gross v. TJH Automotive Co., L.L.C., 380 N.J.Super. 176, 187-90, 881 A.2d 760 (App.Div.2005).
Plaintiff has not alleged that defendant engaged in such deceptive or unfair sales practices. Plaintiff simply ordered the transcripts of his deposition without any prior discussion of the price. When plaintiff received the invoices for the transcripts, it was within his power to refuse payment of the full amount on the ground that the charge exceeded what was "reasonable" and thus violated Federal Rule 30(f)(3). In fact, plaintiff followed this course and tendered defendant less than one-third of its charge, which defendant apparently accepted. Therefore, the trial court properly dismissed the second count of plaintiff's amended complaint.
*1049 Count three of plaintiff's amended complaint alleged that defendant violated the Consumer Fraud Act by including five blank pages in the 425 pages for which he was billed $2.65 per page, one of which was used for certifications of the transcriber, two of which were marked either "ERRATA" or "LAWYER'S NOTES," and the other two of which were for a "Witness' Certification." If defendant had represented to plaintiff that he would be charged $2.65 per page for his deposition transcripts and defendant had subsequently charged him for blank pages, count three may have stated a viable claim. However, plaintiff does not allege that there was any communication between the parties regarding price when plaintiff ordered the transcripts, and the invoices do not contain any breakdown of the components of the $544.35 and $707.20 charges for the two transcripts, except for separate charges for "exhibits," "shipping and handling," and "ASCII." Consequently, plaintiff only ascertained that he had been charged for five blank pages when he inquired of defendant as to how the transcript charges had been determined. Under these circumstances, the third count of plaintiff's amended complaint does not allege any fraud or deception that could support a claim under the Consumer Fraud Act.
Affirmed.